# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RANDY RIVERS,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:12-CV-00792-VEH |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **ACTING COMMISSIONER,** | ) |
| **S O C I A L   S E C U R I T Y** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
|    **Defendant.** | ) |

## **MEMORANDUM OPINION**[1]

Plaintiff Randy Rivers ("Mr. Rivers") brings this action under 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied his application for Disability Insurance Benefits ("DIB"). Mr. Rivers timely pursued and exhausted his administrative remedies

---

[1] The court notes that on February 14, 2013, Carolyn W. Colvin was named the Acting Commissioner of the Social Security Administration on February 14, 2013. *See* http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security."). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the officer of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

available before the Commissioner. The case is thus ripe for review under 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

Mr. Rivers was forty-seven years old at the time of his hearing before the Administrative Law Judge ("ALJ"). (Tr. 28). He has at least a high school education. (*Id.*). His past work experiences include employment as a forklift driver, material handler, and landscape laborer. (*Id.*). He claims he became disabled on May 7, 2008, due to degenerative arthritis in his right and left hip and a degenerative disc disease in his spine. (Tr. 19 ). His last period of work ended on May 7, 2008. (*Id.*).

On January 22, 2010 , Mr. Rivers protectively filed a Title II application for a period of disability and DIB. (Tr. 17). On April 8, 2010, the Commissioner initially denied this claim. (*Id.*). Mr. Rivers timely filed a written request for a hearing on April 23, 2010. (*Id.*). The ALJ conducted a hearing on the matter on April 5, 2011. (Tr. 33). On June 23, 2011, the ALJ issued her opinion concluding that Mr. Rivers was not disabled and denied him benefits. (Tr. 14 ). Mr. Rivers timely petitioned the Appeals Council ("AC") to review the decision on July 5, 2011 (Tr. 107), and on January 11, 2012, the Appeals Council issued a denial of review on his claim. (Tr. 1).

Mr. Rivers filed a Complaint with this court on March 12, 2012, seeking

review of the Commissioner's determination. (Doc. 1). With the parties having fully briefed the matter, the court has carefully considered the record, and for the reasons stated below, remands the Commissioner's denial of benefits, and remands the case for further development.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide

the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[2] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in

---

[2]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of July 13, 2013.

sequence:

>   (1)   whether the claimant is currently employed;
>   (2)   whether the claimant has a severe impairment;
>   (3)   whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
>   (4)   whether the claimant can perform his or her past work; and
>   (5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

### **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

After consideration of the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012. (Tr. 19).

2. The claimant has not engaged in substantial gainful activity since May

      8, 2007, the alleged onset date. (20 C.F.R. 404.1571 *et seq.).* (Tr. 19).

3. The claimant has the following severe impairments: degenerative arthritis in right hip and left hip, and degenerative disc disease in spine. (20 CFR. 404.1520(c)). (Tr. 19).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (Tr. 20).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(b) except he can lift or carry ten pounds occasionally and less than ten pounds frequently; can stand or walk two hours in an eight-hour day; can sit up to six hours in an eight-hour day; can occasionally climb ramps and stairs; can never climb a ladder, rope or scaffold; can occasionally kneel; can never crouch or crawl, must avoid all exposure to unprotected heights and hazardous machinery; must avoid concentrated exposure to extreme cold, wetness, and humidity; can occasionally use the bilateral upper extremities for pushing and pulling; can never use the bilateral lower extremities for pushing and pulling and can occasionally reach overhead with bilateral upper extremities. (Tr. 20-21).

6. The claimant is unable to perform any past relevant work. (20 CFR 404.1565). (Tr. 28).

7. The claimant ... was 43 years old, which is defined as younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563). (Tr. 28).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564). (Tr. 28).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework

        supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). (Tr. 28).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR 404.1569 and 404.1569(a)). (Tr.28).

11. The claimant has not been under disability, as defined in the Social Security Act, from May 8, 2007, through the date of this decision (20 CFR 404.1520(g)). *See generally* Tr. 19-29. (Tr. 29).

## ANALYSIS

### I. INTRODUCTION

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[3] However, the court "abstains from re-weighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Mr. Rivers urges this court to reverse the Commissioner's decision to deny his

---

[3] *Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

benefits on the basis that the ALJ failed to fully develop the record, and therefore erred in finding that Mr. Rivers is not disabled. (Doc. 8 at 5). This court has carefully reviewed the record and finds that the decision of the ALJ must be remanded for further development of the record. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) ("The ALJ has a basic obligation to develop a full and fair record.").

## II. THE ALJ'S DECISION THAT MR. RIVERS IS NOT DISABLED IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

While Mr. Rivers has the burden of proving his disability, the ALJ has a basic obligation to develop a full and fair record. *Cowart v. Schweiker*, 662 F.2d 731, 732 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)). When the ALJ has failed to develop a full and fair record, the court "has required the Secretary to reopen the case 'until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled or not.'" *Thorne*, 607 F.2d at 220 (quoting *Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974)). Here, without further clarification of the opinion by the consultative examiner, Dr. DeAndrade, the ALJ could not have made a decision based upon substantial evidence, and thus erred in her finding that Mr. Rivers is not disabled and is capable of performing sedentary work as defined in 20 C.F.R. 404.1567(a).

In support of her RFC determination, the ALJ considered the medical opinions

of the state agency medical consultant (Dr. Heilpern) and an independent examiner (Dr. Zaremba) along with the opinion of the consultative examiner (Dr. DeAndrade). However, the ALJ committed two errors in her treatment of the medical opinions contained in the record. First, she erroneously awarded great weight to Dr. Heilpern's evaluation, which is entitled little weight as the opinion of a non-examining physician. *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). Second, she also failed to seek clarification of an ambiguous statement located in Dr. DeAndrade's findings.

**A.  THE ALJ COMMITTED LEGAL ERROR IN HER ASSIGNMENT OF GREAT WEIGHT TO THE OPINIONS OF DR. HEILPERN WHICH CONFLICTED WITH THE OPINIONS OF THOSE DOCTORS WHO EXAMINED MR. RIVERS.**

First, the opinion of a non-examining reviewing physician is entitled to little weight and, taken alone, does not constitute substantial evidence to support an administrative decision. *Sharfarz v. Bowen*, 825 F.2d 278, 279-81 (11th Cir. 1987). The Eleventh Circuit has noted that "without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at best." *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). Thus, the opinions of a non-examining, reviewing physician are entitled to little weight. *Id.*

Here, the ALJ disregarded these rules in assigning weight to the various medical opinions. She awarded Dr. Heilpern's medical evaluation great weight even though Dr. Heilpern was a non-examining state agency medical consultant. Also the ALJ afforded only considerable weight to Dr. DeAndrade's evaluation and some weight to that of Dr. Zaremba. As the Eleventh Circuit has made clear, Dr. Heilpern's medical opinion about Mr. Rivers's capability to perform work at the light range of physical exertion is entitled to little weight, as his paper-review opinion is contrary to the opinions of both examining physicians. Additionally, Dr. Heilpern's assessment, alone, is insufficient to substantially support the ALJ's disability determination.

The ALJ thus failed to follow proper legal procedures. Accordingly, this decision is due to be reversed. *Richardson*, 402 U.S. at 390.

**B. THE ALJ ERRED IN FINDING THAT MR. RIVERS IS NOT DISABLED BECAUSE OF AN AMBIGUITY IN DR. DEANDRADE'S OPINION THAT SHOULD HAVE BEEN CLARIFIED BEFORE THE ALJ COULD RENDER A DECISION.**

Second, the ALJ failed to clarify an ambiguity in the findings of the consultative examiner (Dr. DeAndrade), whose opinion is entitled more weight than Dr. Heilpern. As Dr. DeAndrade opined regarding Mr. Rivers's vocational functioning:

> [Mr. Rivers] could stand or walk for approximately 30 minutes with <u>frequent breaks</u>. [Mr. Rivers] could sit for 6-8 hours with <u>frequent breaks</u>. The patient does not use an assistive device for walking but one may be helpful. He should avoid heavy lifting. All postural limitations apply. Driving restrictions are not warranted. No manipulative or environmental limitations apply. Hearing, speaking, or traveling would not be affected.

Tr. 219 (emphasis added). Dr. DeAndrade's findings are inconclusive with respect to frequent breaks. Thus, the ALJ should have sought clarification before rendering his disability decision. As Judge J. Foy Guin, Jr. of this court has observed, the ALJ "has the authority to and must require greater clarity of physicians dealing with the critical issue of whether an individual receives Social Security benefits." *Davis v. Barnhart*, 405 F. Supp. 2d 1355, 1358 (N.D. Ala. 2005).

Indeed, recognizing this issue of uncertainty in the record, the ALJ attempted to obtain clarification from the vocational expert (VE) in regards to Dr. DeAndrade's use of the phrase "frequent breaks." As the relevant portion of the hearing transcript provides:

> Q: We haven't talked about any of the medical opinions by examining physicians so lets go to the one at 3F if we may. And under the findings we don't get a total of how long he could be on his feet but we know that it's 30 minutes, well we don't even know that it's at one time. But patient can stand or walk for approximately six to eight hours with frequent breaks... do you have enough information there to form an opinion as to whether a person could perform particular jobs?
> A: Well, he doesn't say ... how long in a day a person could stand or walk. It would be at least sedentary, I could not say from this whether

> it would preclude the claimant's ability. And there's nothing about lifting, it's really –
>
> Q: Exactly
>
> A: – it's really not that well –
>
> Q: Exactly. Now what about the, your interpretation of frequent breaks, could you help with that? It's something that we do see quite a bit.
>
> A: Yeah.
>
> Q: Do you have an opinion just generally as to how to interpret frequent breaks? Are we talking about and above scheduled breaks at least? How can you interpret that? If you can't, I mean just say.
>
> A: No, I'm really not comfortable doing that.
>
> Q: All right. Well, really that was what I was trying to demonstrate. I'm not going to go to the other one because I think it speaks for itself.

(Tr. 64-65). Thus, Dr. DeAndrade's evaluation lacked clarity, as demonstrated by the ALJ's questions and the VE's reluctancy to comment on the interpretation of "frequent breaks" at the hearing.

In an attempt to justify her disability conclusion, rather than contacting Dr. DeAndrade about his unclear medical source statement, the ALJ improperly speculated about the meaning of the opinion and afforded greater weight to the state agency consultant's vocational findings. As the ALJ does not sit as judge and physician, she should have sought clarification from the medical source instead of purportedly "giving the claimant the benefit of the doubt" (Tr. 26) in regards to his capabilities. *See Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) ("An

ALJ . . . may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional."). The ALJ must not substitute her judgment for that of a medical expert and instead should have attempted to clarify the meaning of Dr. DeAndrade's ambiguous medical source statement.  Thus, the ALJ made a decision without having a full and complete record before her, and the decision of the Commissioner is due to be remanded for further development.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, this court finds that the Commissioner's final decision is not supported by substantial evidence and the Commissioner failed to apply the proper legal standard. Accordingly, the decision of the Commissioner will be remanded by separate order.

**DONE** and **ORDERED** this 2nd day of August, 2013.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge